UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D. SAMUEL GOODELL,

                Plaintiff,

v                                                                Case No. 20-10293
                                                                 Honorable Thomas L. Ludington
KENNETH M. MALKIN,

                Defendant.

_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT

Plaintiff D. Samuel Goodell has filed a pro se complaint against his former defense attorney Defendant Kenneth M. Malkin. ECF No. 1. In the complaint, Plaintiff claims that Defendant retaliated against Plaintiff for exercising his First Amendment rights. The complaint was referred to Judge Morris who recommended that Plaintiff's complaint be dismissed. ECF No. 7. Plaintiff filed three objections to Judge Morris' report. ECF No. 9. For the following reasons, Plaintiff's objections will be overruled and Judge Morris' report adopted.

## I.

Judge Morris' recitation of the facts provides:

Plaintiff's complaint involves an underlying criminal case in state court in which he was charged with various felonies after rushing with Samurai sword in hand to the defense of a third-party under attack from multiple dangerous assailants. (ECF No. 1, PageID.2-3). Defendant, a Bay County public defender, served as his attorney and provided ineffective assistance, Plaintiff contends, which resulted in criminal convictions. (*Id.*, PageID.2-4).

While incarcerated, Plaintiff sent Defendant a letter detailing what he "perceived as improprieties during his trial" by the prosecution, the court, and Defendant. (*Id.*, PageID.5). In his missive, Plaintiff "expressed his religious belief that if Defendant Malkin did not seek to right his wrongdoing, that Malkin's sins would be retained to him, that he would face great judgment, and that he would never be allowed to

enter the Kingdom of Heaven." (*Id.*) Nowhere, however, did the letter threaten harm against Defendant, Plaintiff states. (*Id.*)

Sometime around March 2017, Plaintiff received parole and was informed that two of his conditions—wearing an electronic tether and banishment from Bay County, where he lived—"were due to claims made by Defendant Malkin that [Plaintiff] had threatened Defendant Malkin, and that Defendant Malkin was fearful of [Plaintiff]." (*Id.*, PageID.6). Plaintiff says a lawyer was hired on his behalf to investigate Defendant's accusations, but that Defendant refused to produce the letter when requested. (*Id.*)

On February 5, 2020, Plaintiff filed the present complaint, alleging two claims. One is for First Amendment retaliation violating Plaintiff's right to free speech, claiming that Plaintiff's critical letter prompted Defendant to retaliate by falsely reporting that Plaintiff had threatened him. (*Id.*, PageID.7). The second claim is that, for the same reasons, Defendant retaliated against Plaintiff's exercise of his freedom of religion. (*Id.*, PageID.10). A series of unfortunate events flowed from Defendant's retaliation, including bedbug bites, a missed family funeral, and extended parole because he could not pay the for tether. (*Id.*, PageID.7-12). Plaintiff's complaint asserts Defendant "knew that because of his position and authority within the Bay County Public Defender's Office that he could put forth his false claims without having to provide the letter" or offer any other proof. (*Id.*, PageID.7).

ECF No. 7 at PageID.24–25.

Judge Morris found that Plaintiff's § 1983 claims were without merit because Defendant had not been acting under color of law when he reported Plaintiff's alleged threats.

In the present case, Plaintiff fails to state a claim because his allegations do not demonstrate that Defendant acted under color of state law by reporting the alleged threats. To the extent that Defendant's report was somehow involved in his representation of Plaintiff, it would not constitute an act under color of state law. *Polk Co.*, 454 U.S. at 325. It does not appear from the complaint that Defendant used any governmental medium to communicate his report—and even if he did, it would not rise to the level of state action. *See Myers*, 713 F.3d at 1330-1331; *Hilton*, 224 F. Supp. 3d at 601-602. And Plaintiff alleges no conspiracy involving Defendant and state actors. *Cf. Glover*, 467 U.S. at 923.

*Id.* at PageID.31.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2).  Objections must be

stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

### A.

In his first two objections, Plaintiff argues that Judge Morris applied the incorrect legal standard when she determined that Defendant was not acting under color of state law when Defendant reported Plaintiff's alleged threats. ECF No. 9 at PageID.37–45. Plaintiff contends that instead, Judge Morris should have used the legal standard found in *Thaddeus-X v. Blatter*, which provides:

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff is correct that *Thaddeus* articulated the legal test for retaliation claims. However, that does not negate the requirement that a § 1983 defendant be acting under color of state law. 42 U.S.C. § 1983 provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983 (emphasis added); *see also Thaddeus*, 175 F.3d at 386 ("42 U.S.C. § 1983, provides a remedy for constitutional violations committed by *state actors*. In this case, the alleged constitutional violation is in the form of a claim that *government officials* retaliated against the plaintiffs for exercising their constitutional rights.") (emphasis added).

Plaintiff's first and second objections will be overruled because Defendant was not acting under color of state law when he reported Plaintiff's alleged threats, instead he was acting as a private citizen.

**B.**

In his third objection, Plaintiff contends that the Report and Recommendation "fails to accept Goodell's allegations and statements of fact as true by assuming that Defendant made a truthful report of being threatened." ECF No. 9 at PageID.45. This objection will be overruled. Regardless of the veracity of Defendant's reporting, Defendant was not acting under color of state law but acting as a private citizen. Accordingly, Plaintiff's § 1983 claim is meritless.

In his fourth objection, Plaintiff makes a generalized argument that his "complaint should not be dismissed for failure to state a claim." *Id.* This objection will be overruled because as explained above and in the Report and Recommendation, Plaintiff has failed to state a claim.

## IV.

Accordingly, it is **ORDERED** that Plaintiffs' objections, ECF No. 9, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 7, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

Dated: July 30, 2020                                           s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **D. Samuel Goodell,** P.O. Box 754, Bay City, MI 48707 by first class U.S. mail on July 30, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---